Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4407 | **DATE** | June 25, 2012 |
| **CASE TITLE** | Major McCoy (R-31052) vs. Dr. Scott, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.42 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim and lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court. Plaintiff's motion for the appointment of counsel [3] is denied as moot. The case is closed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Major McCoy, an inmate at the Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.42. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of a transfer to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's complaint.

Plaintiff alleges that in September of 2008, Dr. Scott prescribed Plaintiff the drug Atriple for treatment of H.I.V. Dr. Scott did not inform Plaintiff of possible side-effects from the drug, including male breast growth and vivid dreams. Plaintiff was also twice treated by two additional doctors at the U.I.C. Infectious Disease Clinic. When Plaintiff was treated by these doctors, he explained to the doctors that he felt fine and they continued prescribing Plaintiff Atriple. The doctors did not inform Plaintiff of the possible side-effects of male breast growth and vivid dreams. Plaintiff last received treatment from the Defendant doctors in February of 2009. Plaintiff alleges that the doctors asked him how he was feeling each of the three times he saw the doctors and that he informed them he was doing well. The doctors did not inform Plaintiff of the possible side-effects of Atriple at any of the three visits.

In November of 2010, Plaintiff read that some H.I.V. medications could cause males to have male breast growth. In March of 2011, Plaintiff asked a different doctor about what he read and the doctor confirmed that Atriple was known for causing the side-effect of male breast growth and vivid dreams. Plaintiff's medication was changed to a different medicine at this time. Plaintiff alleges that he has experienced male breast growth and has had vivid dreams that affected mental health. Plaintiff seeks damages for the "medical negligence" of the three doctors who failed to inform Plaintiff of the possible side-effects of Atriple.

## STATEMENT

Plaintiff's complaint fails to state a federal claim. In order to bring a civil rights claim against the defendants, plaintiff must assert claims of a violation of a constitutional or federal right. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). A constitutional claim with respect to medical issues requires a showing of deliberate indifference. "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 828 -29 (7th Cir. 2009). Neither negligence, malpractice, nor even gross negligence rise to the level of deliberate indifference. Rather, plaintiff must show "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Id.* at 829; *see also Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Plaintiff affirmatively pleads that he brings a negligence/medical malpractice claim against the three Defendant doctors involved in his medical care. Furthermore, Plaintiff's allegations support such a claim. Prescribing medication without warning of side effects may constitute negligence, malpractice, or even gross negligence, but does not give rise to a claim of deliberate indifference. *See Benson v. Cady*, 761 F.2d 335, 341 (7th Cir. 1985) (prisoner's claim that doctor prescribed incorrect medication that caused adverse side-effects constituted medical malpractice, not deliberate indifference); *Post III v. DuPage County, Ill*, No 91 C 0447, 1993 WL 101823, * 5 (N.D. Ill. April 1, 1993) (Andersen, J.) (fact that plaintiff had adverse side-effects from medication is not sufficient to show deliberate indifference); *Campbell v. Lane*, No. 89 C 8289, 1990 WL 171598, *5 (N.D. Ill. Oct. 25, 1990) (Rovner, J.) (complaint of adverse side-effects from medication did not support a claim of deliberate indifference - at most, it supported a claim for negligence or malpractice)*; Hicks v. Larned State Hosp.*, No. 07-3020-SAC, 2007 WL 2460842, *1(D. Kan. Aug. 24, 2007) (Crow, J.) (prescribing a prisoner medication that caused sterility did not rise to the level of deliberate indifference); *Stewart v. Taft*, 235 F. Supp. 2d 763, 771 (N.D. Ohio 2002) (inmate who was not informed of side effects of tuberculosis medication stated claims of only negligence and malpractice but not deliberate indifference);. Accordingly, Plaintiff has failed to state a federal claim.

Although the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. Any cause of action for medical malpractice or negligence must be brought in state court.

For the foregoing reasons, this suit is dismissed for failing to state a federal claim and lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court.